**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RUSSELL NUSZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-24-467-G |
| | ) |
| **HEALTH CARE SERVICE** | ) |
| **CORPORATION, a Mutual Legal** | ) |
| **Reserve Company, d/b/a BLUE CROSS** | ) |
| **BLUE SHIELD OF OKLAHOMA,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

Plaintiff Russell Nusz brings this diversity action against Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Oklahoma, seeking relief under Oklahoma law. Defendant has filed a Motion to Dismiss (Doc. No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded (Doc. No. 10) and Defendant has replied (Doc. No. 17).

    I.    *Summary of the Pleadings*

In this action, Plaintiff alleges that he was insured under Defendant's Comprehensive Health Service Benefits policy (the "Policy"). *See* Compl. ¶ 5. Plaintiff was diagnosed with prostate cancer and, in May of 2022, was prescribed proton therapy (also referred to as "proton beam therapy" or "PBT") by his oncologist. *Id.* ¶ 6.

Outpatient therapy services and radiation therapy are covered services under the

Policy. *Id.* ¶ 15(a); *see id.* Ex. 1, Policy (Doc. No. 1-1) at p. 24.[1] The Policy requires that the insured obtain prior authorization for coverage of such radiation therapy. Compl. ¶ 15(a); *see* Policy at p. 5. The Policy provides that it does not provide benefits for services that "the Plan determines are not Medically Necessary, except as specified." Policy at p. 46. "Medically Necessary" services are defined as:

> Health care services that the Plan determines a Hospital, Physician, or other Provider, exercising prudent clinical judgment, would provide to a patient for the purpose of preventing, evaluating, diagnosing or treating an illness, injury, disease or its symptoms and that are:
> - in accordance with generally accepted standards of medical practice;
> - clinically appropriate, in terms of type, frequency, extent, site and duration, and considered effective for the patient's illness, injury or disease; and
> - not primarily for the convenience of the patient, Physician, or other health care Provider, and not more costly than an alternative service or sequence of services as least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of that patient's illness, injury or disease.

*Id.* at p. 78.

Plaintiff submitted a claim to Defendant for authorization of the prescribed proton therapy treatment, as required under the Policy. Compl. ¶ 7. Beginning in June of 2022, Defendant denied benefits for the treatment and refused to authorize or cover the cost of the treatment under the Policy. *Id.* ¶ 8. Defendant's stated basis for the denial of Plaintiff's claim was: "Medical studies have not shown that PBT is better than other treatments for this type of cancer. Therefore, PBT is not medically necessary." *Id.* ¶ 9 ("The denials are

---

[1] Plaintiff referred to and attached excerpts from the Policy to the Complaint; Defendant supplied the entire Policy as an exhibit to the Motion. *See* Doc. No. 9-1.

2

specifically based upon the stated basis that PBT is not medically necessary."). Plaintiff therefore "was compelled to pay for his own proton therapy treatment and underwent the treatment to eradicate his prostate cancer." *Id.* ¶ 10.

II.     Relevant Standard

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth: "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.  Discussion

Plaintiff contends that Defendant's handling of Plaintiff's claim and, specifically, its refusal to authorize or pay for the PBT constituted a breach of Defendant's duty to Plaintiff of good faith and fair dealing (commonly referred to as a "bad-faith claim"). *See* Compl. ¶¶ 11-18.[2]

"Under Oklahoma law, '[e]very contract . . . contains an implied duty of good faith and fair dealing.'" *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 998-99 (10th Cir. 2008) (alteration and omission in original) (quoting *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004)). The gravamen of an action for breach of this duty "is the insurer's unreasonable, bad-faith conduct." *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005) (internal quotation marks omitted).

> To state a claim of bad faith against an insurer under Oklahoma law, the claimant must plead the following elements: (1) he was covered under the insurance policy and the insurer was required to take reasonable actions in handling the claim; (2) the insurer's actions were unreasonable under the circumstances; (3) the insurer failed to deal fairly and in good faith toward the insured in the handling of the claim; and (4) the breach of the duty of good faith and fair dealing was the direct cause of any damages sustained by the insured.

*Mass. Bay Ins. Co. v. Langager*, No. 16-CV-685, 2017 WL 3586862, at *2 (N.D. Okla. Aug. 18, 2017) (citing *Edens v. The Neth. Ins. Co.*, 834 F.3d 1116, 1128 (10th Cir. 2016); *Badillo*, 121 P.3d at 1093).

"[A] claim must be promptly paid unless the insurer has a reasonable belief the

---

[2] Although Plaintiff attached additional materials to the Response, the Court declines to consider matters outside of the pleadings or to convert the Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d).

4

claim is either legally or factually insufficient." *Shotts v. GEICO Gen. Ins. Co.*, 943 F.3d 1304, 1316 (10th Cir. 2019) (internal quotation marks omitted).  But "[a]n insurer does not breach its implied duty to deal fairly and act in good faith with its insured merely by refusing to pay a claim or by litigating a dispute with its insured, so long as there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate." *K2 Groceries, Inc. v. Emps. Mut. Cas. Co.*, No. CIV-14-1235-HE, 2015 WL 1015325, at *2 (W.D. Okla. Mar. 9, 2015).  The Oklahoma Supreme Court has recognized that there may be legitimate disagreement between insurer and insured "on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions." *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977).

Defendant challenges Plaintiff's pleading of the second and third elements, arguing that Plaintiff's allegations reflect only a legitimate coverage dispute, rather than a well-pled allegation reflecting that Defendant's conduct was "unreasonable under the circumstances" and that Defendant did not "deal fairly and in good faith" with Plaintiff. *Mass. Bay Ins. Co.*, 2017 WL 3586862, at *2; *see* Def.'s Mot. to Dismiss at 11-14; Def.'s Reply at 3-6.  The Court disagrees.

Relevant to the handling of the claim, Plaintiff alleges:

- Defendant denied Plaintiff's claim pursuant to a scheme intentionally implemented years ago whereby Defendant, either on its own or through the use of an entity named AIM, denies all PBT coverage on a widespread basis and asserts that the alternative treatment of photon/X-ray radiation ("IMRT") is effective, despite IMRT having higher levels of harmful radiation to the healthy tissues and organs surrounding the cancer tumor.  *See* Compl. ¶¶ 11-15.

5

- Pursuant to this scheme, Defendant's medical review "involve[s] simply looking at the Defendant's own internal claim directives and verifying that the condition is diagnosed prostate cancer and, therefore, mandating that proton therapy is not medically necessary." *Id.* ¶ 15.
- "The actual medically necessary language of the policy is wholly ignored and not addressed at all in these claim denials." *Id.*
- "Defendant . . . does not investigate, []or properly evaluate, whether or not [PBT] meets the actual policy language of medically necessary." *Id.* ¶ 15(a).
- Defendant ignores the fact "that less radiation to healthy tissues is better" "in hopes of avoiding any expense for the insured's cancer treatment" and that "the insured will . . . pay for their own treatment." *Id.* ¶ 13.
- Defendant knows that PBT "is therapeutically better than other radiation treatment," "can be provided for the same cost," and "was medically necessary under the [Policy]." *Id.* ¶ 14.
- In denying Plaintiff's claim, Defendant intentionally ignored Oklahoma law that requires a denial letter to "specif[y] the precise basis for the denial and the involved policy provisions." *Id.* ¶ 15(b). Defendant's actions left Plaintiff "to speculate as to what actual policy language is being relied upon by the Defendant." *Id.* ¶ 15(c).

Taken as true, these factual assertions are sufficient to establish Defendant's unreasonable conduct and failure to deal fairly and in good faith with Plaintiff in withholding payment on the June 2022 PBT claim. The allegations of the Complaint plausibly reflect, for example, that "material facts were overlooked" in Defendant's investigation of the claim and that Defendant "failed to treat the insured fairly." *Shotts*, 943 F.3d at 1315, 1317 (internal quotation marks omitted). "[A] plaintiff may . . . show bad faith by providing evidence that the insurer performed an inadequate investigation of the claim." *Id.* at 1315. Further, Defendant's suggestion that Plaintiff cannot show unreasonableness because lack of medical necessity "is a valid coverage exclusion," and determinations as to medical necessity are left to Defendant's discretion, is meritless: the Complaint also plausibly pleads that Defendant "did not *actually* rely on the legitimate

6

dispute to deny coverage." Def.'s Mot. at 11-12; *Shotts*, 943 F.3d at 1315 (alterations and internal quotation marks omitted); *see also* Def.'s Reply at 3-5.

Because Plaintiff's allegations offer sufficient facts to allow one "to draw the reasonable inference that [Defendant] is liable for the misconduct alleged," dismissal is not warranted at this early pleading stage. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 27th day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge